# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERROD WARD, #428-684 | * | |
| Plaintiff, | * | |
| v. | * | Civil No. PX-17-3084 |
| WARDEN, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Jerrod Ward, a Maryland prisoner, filed a 42 U.S.C. § 1983 action against Western Correctional Institution ("WCI"), Warden Richard J. Graham, Jr., Secretary of Maryland's Division of Corrections Stephen T. Moyer, and WCI Correctional Officers James Smith and Phillip Merling. Compl., p. 1, ECF No. 1. Defendants move to dismiss or alternatively for summary judgment in their favor, arguing that Ward has failed to exhaust administrative remedies. ECF No. 29. To date, Ward has not opposed Defendants' dispositive motion.[1]

## Background

Ward sought declaratory relief, averring that Defendants had violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Ward also requests compensatory damages and injunctive relief to prohibit Defendants from using an isolation cell as a tool for punishment, harassment, and intimidation. *Id.,* pp. 4-5. Ward alleges that Graham and Moyer are legally responsible for the actions of Smith and Merling, who on September 16, 2017, removed Ward from his disciplinary segregation cell, strip-searched him, and placed him

---

[1] Ward was notified Defendants' Motion could be treated as a Motion for Summary Judgment and he was entitled to file an opposition with materials in support. ECF No. 32. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

in an isolation cell for five days. *Id.,* pp. 1-2. Ward also states that his requests to be seen by a nurse were refused and his sick call slips were ignored. *Id.,* p. 2.

Defendants do not dispute that between September 16, 2017 and September 20, 2017, Ward was placed on Staff Alert Status and housed in a special cell. L. Tenille Winters Record Decl., p. 2, ECF No. 29-2. Defendants provide record evidence that this action was taken after Ward threatened violence against a nurse who was handing out medications to prisoners on the tier. *Id.,* p. 4. Thereafter, Ward filed an Administrative Remedy Procedure ("ARP") grievance, ARP WCI-2323-17, complaining about his assignment to an isolation cell and placement on Staff Alert Status. ECF No. 29-2, p. 19. On October 31, 2017, the Warden's office dismissed the ARP on the grounds that threats to staff warranted such placement per standard operating procedure. *Id.,* p. 20. Ward did not appeal that finding to the Commissioner. Janifer Decl, ECF No. 29-3, ¶¶ 1-2. Ward did, however, file a grievance with the Inmate Grievance Office. Hassan Decl., ECF No. 29-4, ¶¶ 2-3. The grievance remains pending further preliminary review. *Id.,* ¶ 3(a).

**Standard of Review**

This Court considers documents beyond those intrinsic to Ward's Complaint. Consequently, the Court treats Defendants' Motion as one for summary judgment. Where "the movant shows that there is no genuine dispute as to any material fact," the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere

allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court views the evidence in the light most favorable to the nonmoving party and draws all inferences in his favor. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). That said, the Court must nonetheless fulfill its "affirmative obligation" to "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Discussion

Defendants argue that summary judgment is warranted because Ward has failed to exhaust his administrative remedies. ECF No. 29-1, pp. 8-10. Before claims related to prison conditions may be reviewed by this court, the Prisoner Litigation Reform Act ("PLRA") mandates that a plaintiff must first exhaust all state administrative remedies. 42 U.S.C. §1997e. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not jurisdictional and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). That said, exhaustion is mandatory. *Ross v. Blake*, ____ U.S. ____, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining"[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Importantly, the PLRA's exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219; *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies). Exhaustion, in other words, is designed to encourage pursuit of administrative grievances through final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he

"never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review), *cert. denied*, 537 U.S. 949 (2002).

Ordinarily, a prisoner must follow the required procedural steps to satisfy exhaustion. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). The Court, however, must "ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

A prisoner need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). In *Ross v. Blake*, 136 S.Ct. 1850 (2016), the Supreme Court rejected a "freewheeling approach to exhaustion as inconsistent with the PLRA." *Id*. at 1855. In particular, it rejected a "special circumstances" exception to the exhaustion requirement. *Id*. at 1856-57. But, it reiterated that "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

An administrative remedy is available, however, if a procedure exists "to obtain some relief for the action complained of." 136 S. Ct. at 1859 (internal citations and quotation marks omitted). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase*, 286 F. Supp. 2d at 529-30.

5

As a prisoner alleging constitutional violation arising from his incarceration, Ward is subject to exhaustion. *See Porter v. Nussle*, 534 U.S. at 528 (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). The Maryland Department of Public Safety and Correctional Services ("DPSCS") maintains an established "administrative remedy procedure" ("ARP") for Maryland state prisoners to facilitate "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). The grievance procedure applies to the submission of "grievance[s] against . . . official[s] or employee[s] of the Division of Correction." C.S. § 10-206(a).

DPSCS regulations concerning the administrative remedy procedure define a "grievance' to include a "complaint of any individual in the custody of the [DOC] . . . against any officials or employees of the [DOC] . . . arising from the circumstances of custody or confinement." COMAR 12.07.01.01B(8). A prisoner "must exhaust" the ARP process as a condition precedent to further review of the prisoner's grievance. *See* C.S. § 10-206(b); *see also* COMAR 12.07.01.02.D; OPS.185.0002.02.[2]

The ARP process includes multiple steps. First, a prisoner is required to file his initial ARP with his facility's "managing official" OPS.185.0002.05C(1), which is defined by C.S. § 1-

---

[2] OPS.185.0002 is an Executive Directive created by the Maryland Department of Public Safety and Correctional Services, titled "Administrative Remedy Procedure (ARP)" ("ARP Directive") available for review at http://itcd.dpscs.state.md.us/PIA. "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also* Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

101(k) "as the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a correctional facility." In the DOC, each facility's warden is responsible for the ARP at the institutional level. OPS.185.0002.05E. Moreover, the ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. OPS.185.0002.05J.

Second, if the managing official denies a prisoner's initial ARP, the prisoner has 30 days to file an appeal with the DPSCS's Deputy Secretary for Operations or that official's designee. OPS.185.0002.05L. For prisoners in DOC facilities, the Commissioner of Correction is the official to whom this appeal is sent. *Id*.

Third, if the Commissioner of Correction denies an appeal, the prisoner has 30 days to file a grievance with the IGO. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. When filing with the IGO, a prisoner must include copies of the following: the initial request for administrative remedy, the warden's response to that request, a the ARP appeal filed with the Commissioner of Correction, and the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). However, if the IGO deems a hearing necessary, an administrative law judge with the Maryland Office of Administrative Hearings presides over the hearing. *See* C.S. § 10-208(2)(c); COMAR 12.07.01.07-.08. The hearing procedure is governed by statute. *See* C.S. § 10-208; COMAR 12.07.01.07D; *see also* Md. Code Ann., State Gov't §§ 10-101 et seq.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. C.S. § 10-209(b)(1)(i) & (ii); COMAR 12.07.01.10A. However, if

the ALJ concludes that the inmate's complaint is wholly or partly meritorious, the decision constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* C.S. § 10-209(b)(2), (c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* C.S. § 10-210. A prisoner need not, however, seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g., Pozo*, 286 F.3d at 1024 ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

The ARP process applies to the majority of prisoner complaints. However, it does not apply to case management decisions, which are to be directly grieved to the IGO. OPS.185.0002.05F(1). Nor does it apply to Maryland Parole Commission procedures, decisions to withhold mail, or Prison Rape Elimination Act related claims. OPS.185.0002.05F(2),(4),(5). Those categories of complaints are addressed through separate administrative processes. *Id*.

Because "exhaustion is a precondition to filing an action in federal Court," the prisoner may not exhaust administrative remedies during the pendency of the federal suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). *See also Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *Blackburn v. S. Carolina*, No. C A 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009) *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Kaufman v. Baynard*, CIV.A. 1:10-0071, 2012 WL 844480 (S.D.W. Va. Feb. 3, 2012) *report and recommendation adopted*, CIV.A. 1:10-0071, 2012 WL 844408 (S.D.W. Va. Mar. 12, 2012); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 11, 2015).

Construing the facts most favorably to Ward, it is undisputed that he did not complete administrative exhaustion as required by the PLRA before filing his Complaint in this Court. As a result, the Court grants Defendants motion for summary judgment, which shall be entered by separate Order. This decision does not prejudice Ward's right to refile his claims "should exhaustion become complete." *Germain v. Shearin,* 653 Fed. Appx. 231, 234-35 (4th Cir. 2016).

|  |  |
|---|---|
| 5/9/18 | /S/ |
| Date | Paula Xinis<br>United States District Judge |